**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

IAN MORGAN COOMBS and
KRISTY KAE WHITE,
Plaintiffs,

v.

GOSUN, INC.,
Defendant

        Attn:   Patrick R. Sherwin, Agent
                5038 Wooden Shoe Lane
                Cincinnati, OH  45232

                Legalinc Corporate Services Inc., Agent
                131 Continental Drive
                Suite 305
                Newark, DE  19713

Case No. _____

## <u>COMPLAINT FOR PATENT INFRINGEMENT</u>

**(Design Patent)**

Plaintiffs Ian Morgan Coombs and Kristy Kae White (collectively, "Plaintiffs"), by and through their undersigned counsel, bring this action for patent infringement against Defendant GoSun, Inc. ("Defendant" or "GoSun") and allege as follows:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271, et seq.

2. Plaintiffs seek damages, injunctive relief, and other relief for Defendant's infringement of United States Design Patent No. D708,558 (the "'558 Patent").

## THE PARTIES

3. Plaintiff Ian Morgan Coombs is an individual residing in Thermopolis, Wyoming.

4. Plaintiff Kristy Kae White is an individual residing in Thermopolis, Wyoming.

5. Upon information and belief, Defendant GoSun, Inc. is a corporation organized and existing under the laws of the State of Delaware ("GoSun").  According to its Ohio Foreign For Profit Corporation License, GoSun's pricinpal office location in Ohio is 1217 Ellis St., Cincinnati, OH  45223, but upon information and belief has its principal place of business located at 5151 Fischer Ave, Saint Bernard, Ohio 45217-1157.

6. Upon information and belief, Defendant is engaged in the business of designing, manufacturing, marketing, distributing, offering for sale, and selling solar-powered products, including automotive sunshades with integrated solar panels, throughout the United States and in this judicial district.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, Title 35, United States Code.

8. Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant conducts substantial business in this judicial district, including offering for sale, selling, and distributing infringing products in this district.

9. Upon information and belief, venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendant has committed acts of infringement in this district and has a regular and established place of business in this district.

## THE PATENT-IN-SUIT

10. On July 8, 2014, the United States Patent and Trademark Office duly and legally issued

United States Design Patent No. D708,558, entitled "Solar Panel Sunshade" (the "'558 Patent"), to Ian Morgan Coombs and Kristy Kae White as named inventors. A true and correct copy of the '558 Patent is attached hereto as Exhibit A and incorporated herein by reference.

11. The '558 Patent claims the ornamental design for a solar panel sunshade as shown and described in the patent drawings and specification.

12. Plaintiffs are the owners of all right, title, and interest in and to the '558 Patent, including the right to bring this action for infringement and to recover all damages for past, present, and future infringement.

13. The '558 Patent is valid and enforceable. All statutory requirements for the issuance of the '558 Patent were met, and the patent was duly issued in accordance with the Patent Laws of the United States.

## THE PATENTED DESIGN

14. The '558 Patent protects the ornamental design of a solar panel sunshade intended for use in automobiles, specifically designed to fit behind a vehicle's windshield.

15. The claimed design features distinctive visual characteristics, including:

a. A substantially rectangular overall shape configured to fit a vehicle windshield;

b. Multiple horizontal solar panel strips arranged in parallel rows across the front surface;

c. A characteristic grid pattern on the solar panels created by the arrangement of photovoltaic cells;

d. Diagonal striping or shading patterns on the solar panels;

e. Mounting elements positioned at the top of the sunshade for attachment to a vehicle visor; and

f. A distinctive overall appearance that is immediately recognizable as embodying the claimed ornamental design.

**DEFENDANT'S INFRINGING PRODUCT**

16. Upon information and belief, Defendant designs, manufactures, uses, imports, offers for sale, sells, and/or distributes a product known as the "GoSun Shield" solar car shade (the "Accused Product"). An exemplary image of the Accused Product is attached hereto as Exhibit B and incorporated herein by reference.

17. The Accused Product is a solar-powered automotive sunshade designed to be placed behind a vehicle's windshield, featuring integrated solar panels that convert sunlight into electrical energy.

18. Upon information and belief, Defendant has made, used, offered to sell, sold, and/or imported into the United States the Accused Product, and continues to do so.

19. Upon information and belief, Defendant has advertised, marketed, and promoted the Accused Product through various channels, including online platforms, retail stores, and trade shows.

**DEFENDANT'S ACTUAL KNOWLEDGE AND WILLFUL INFRINGEMENT**

20. Defendant had actual knowledge of the '558 Patent prior to designing, developing, and commercializing the Accused Product.

21. In a published interview in Authority Magazine on September 16, 2020, Patrick Sherwin, CEO of GoSun, Inc., admitted that he "thoroughly reviewed the prior art on Google Patents prior to developing" products for GoSun. A true and correct copy of the Authority Magazine article is attached hereto as Exhibit B and incorporated herein by reference.

22. Upon information and belief, the '558 Patent was publicly available on Google Patents at all times relevant to Mr. Sherwin's admitted review of prior art, and Mr. Sherwin therefore had actual knowledge of the '558 Patent prior to developing the Accused Product.

23. In the same September 16, 2020 Authority Magazine interview, Mr. Sherwin further stated: "A lot of good ideas haven't been taken to market, leaving the opportunity for you to still take it even though someone else has already thought of it and patented it in the past."

24. This statement demonstrates Mr. Sherwin's express intent to commercialize designs that are covered by existing patents, including design patents such as the '558 Patent.

25. Mr. Sherwin also stated in the same interview: "First, I'd say don't worry that much about patents and intellectual property."

26. These statements, made by Defendant's CEO and published in a public forum, demonstrate Defendant's deliberate policy and practice of disregarding the patent rights of others, including the '558 Patent.

27. Defendant's conduct in reviewing patents on Google Patents, identifying the '558 Patent, and then deliberately copying the patented design while publicly stating that one should "not worry that much about patents" constitutes willful, wanton, and deliberate infringement of the '558 Patent.

28. Defendant acted with full knowledge of Plaintiffs' patent rights and with reckless disregard for those rights, knowing that its conduct constituted infringement of the '558 Patent.

### COUNT I: INFRINGEMENT OF U.S. DESIGN PATENT NO. D708,558

29. Plaintiffs reallege and incorporate by reference each of the allegations set forth in paragraphs 1 through 28 above.

30. The Accused Product infringes the '558 Patent under the applicable legal test for design patent infringement.

31. Under the ordinary observer test, the Accused Product is substantially the same in appearance as the patented design. An ordinary observer, giving such attention as a purchaser usually gives, would be deceived into believing that the Accused Product is the same as the patented design, thereby purchasing one supposing it to be the other.

32. The Accused Product embodies the overall visual appearance and distinctive design characteristics of the '558 Patent, including:

a. A substantially rectangular shape configured to fit vehicle windshields;

b. Multiple horizontal solar panel strips arranged in parallel rows;

c. A characteristic grid pattern on the solar panels;

d. Diagonal striping or shading patterns on the solar panels;

e. Similar mounting elements at the top; and

f. The same overall ornamental appearance that creates the same visual impression as the patented design.

33. The similarities between the Accused Product and the patented design are not limited to functional or utilitarian features. Rather, the similarities extend to the ornamental aspects of the design that are protected by the '558 Patent.

34. Any differences between the Accused Product and the patented design are minor and would not prevent an ordinary observer from being deceived into believing the Accused Product is the same as the patented design.

35. To the extent there are any differences between the design of the Accused Product and the patented design shown in the '558 Patent, such differences are dictated solely by functional considerations and are not ornamental in nature. Under established design patent law, differences that are purely functional are entitled to no weight in the infringement analysis and do not avoid infringement. The ornamental aspects that define the patented design are present in the Accused Product, and any functional variations do not detract from the substantial similarity of the overall ornamental appearance.

36. By making, using, offering to sell, selling, and/or importing the Accused Product, Defendant has infringed and continues to infringe the '558 Patent in violation of 35 U.S.C. § 271(a).

37. Defendant's infringement of the '558 Patent has been and continues to be willful, deliberate, and in conscious disregard of Plaintiffs' patent rights.

38. Upon information and belief, Defendant had actual knowledge of the '558 Patent or was willfully blind to its existence prior to filing of this Complaint.

39. Defendant's acts of infringement have caused and will continue to cause Plaintiffs substantial and irreparable harm and damage for which Plaintiffs have no adequate remedy at law.

40. Unless enjoined by this Court, Defendant will continue to infringe the '558 Patent, causing Plaintiffs to suffer further irreparable injury.

41. Plaintiffs are entitled to relief as set forth below.

**COUNT II: DISGORGEMENT OF TOTAL PROFIT UNDER 35 U.S.C. § 289**

42. Plaintiffs reallege and incorporate by reference each of the allegations set forth in paragraphs 1 through 43 above.

43. The Accused Product is an "article of manufacture" within the meaning of 35 U.S.C. § 289.

44. Defendant has applied the patented design claimed in the '558 Patent to the Accused Product, which is an article of manufacture to which the design has been applied.

45. By making, using, offering to sell, and selling the Accused Product that embodies the patented design, Defendant has violated 35 U.S.C. § 289.

46. Pursuant to 35 U.S.C. § 289, Defendant "shall be liable to the owner to the extent of his total profit" on the Accused Product.

47. Upon information and belief, Defendant has realized substantial profits from the sale of the Accused Product incorporating Plaintiffs' patented design.

48. Defendant is required to prove its costs under 35 U.S.C. § 289, which places the burden on the infringer to prove what costs, if any, should be deducted from the total profit calculation.

49. The article of manufacture to which the patented design has been applied is the Accused Product itself, specifically the solar panel sunshade unit sold as the "GoSun Shield."

50. The patented design is a significant driver of consumer demand for the Accused Product, as the visual appearance of the solar panel sunshade is a key factor in purchasing decisions and directly relates to the ornamental design protected by the '558 Patent.

51. Plaintiffs are entitled to disgorgement of Defendant's total profit on all sales of the Accused

Product pursuant to 35 U.S.C. § 289, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendant as follows:

A. A declaration that Defendant has infringed the '558 Patent;

B. A declaration that Defendant's infringement has been willful;

C. A preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees, and those persons in active concert or participation with Defendant from further acts of infringement of the '558 Patent, including but not limited to making, using, offering to sell, selling, or importing the Accused Product or any other product that infringes the '558 Patent;

D. An award of Defendant's total profit on all sales of the Accused Product pursuant to 35 U.S.C. § 289;

E. In the alternative to paragraph D, an award of damages adequate to compensate Plaintiffs for Defendant's infringement of the '558 Patent, together with prejudgment and post-judgment interest, in an amount to be determined at trial but in no event less than a reasonable royalty;

F. Enhanced damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

G. A finding that this is an exceptional case and an award to Plaintiffs of their reasonable attorneys' fees, costs, and expenses incurred in this action pursuant to 35 U.S.C. § 285;

H. Pre-judgment and post-judgment interest at the maximum rate permitted by law;

I. Costs of suit; and

J. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated:  April 7, 2026          Respectfully submitted,


/s/ David A. Welling
DAVID A. WELLING (Ohio Bar No. 75934)
Choken Welling LLP
3020 W. Market St.
Akron, OH 44333
Tel. (330) 865-4949
Email: davidw@choken-welling.com

JOHN D. GUGLIOTTA (Ohio Bar No. 62809)
Gugliotta & Gugliotta, LPA
P.O. Box 506
Richfield, OH 44286
Tel. (330) 253-2225
Email: johng@inventorshelp.com

Attorneys for Plaintiff